AB:JMR
F.#2010R00258

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

BENNY AUYEUNG, and
JOSHUA C. BANNER,
   also known as
   "Joshua Benner" and "Pops,"

                Defendants.

- - - - - - - - - - - - - - - - -X

M-10-543

TO BE FILED UNDER SEAL

AFFIDAVIT IN SUPPORT OF
ARREST WARRANT
(18 U.S.C. §§ 1951(a),
924(c)(1)(A)(i), 2 and
3551 et seq.)

EASTERN DISTRICT OF NEW YORK, SS:

      WARREN Y. CHIU, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation duly appointed according to law and acting as such.

      Upon information and belief, in or about October 2009, within the Eastern District of New York and elsewhere, the defendants BENNY AUYEUNG and JOSHUA C. BANNER, also known as "Joshua Benner" and "Pops," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce and the movement of articles and commodities in commerce, by robbery of a gambling club, and to commit and threaten physical violence to a person in furtherance of the robbery.

      (Title 18, United States Code, Section 1951(a) and 3551 et seq.)

2

Upon information and belief, in or about October 2009, within the Eastern District of New York, the defendants BENNY AUYEUNG and JOSHUA C. BANNER, also known as "Joshua Benner" and "Pops," together with others, did knowingly and intentionally use and carry a firearm during and in relation to a crime of violence, to wit: a conspiracy to commit a robbery of a gambling club, and did knowingly and intentionally possess such firearm in furtherance of said crime of violence.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 2 and 3551 et seq.)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1.  I have been a Special Agent with the Federal Bureau of Investigation ("FBI") for approximately four and a half years and have been assigned to the squad tasked with investigating Asian organized crime throughout that time period. During my tenure with the FBI, I have participated in several long-term organized crime investigations, during the course of which I have conducted physical and electronic surveillance, executed search warrants, reviewed and analyzed numerous taped conversations, and debriefed cooperating witnesses and confidential informants.

---

[1] Because the purpose of this Affidavit is to establish only probable cause to arrest, I have not set forth a description of all the facts and circumstances of which I am aware.

2. Where actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. I am familiar with the facts and circumstances of this matter from: (a) my personal participation in this investigation and in other investigations of organized crime; (b) reports made to me by other special agents of the FBI and New York Police Department detectives; and (c) information obtained from confidential informants.

4. In or about October 2009, three co-conspirators (hereinafter, "CC-1," "CC-2" and "CC-3") entered an illegal gambling parlor located at 830 59th Street, Brooklyn, New York (hereinafter, the "59th Street Gambling Parlor"). Inside the 59th Street Gambling Parlor, approximately twelve to twenty individuals were playing mahjong and/or pai gow. The patrons of the 59th Street Gambling Parlor paid a commission per hand of mahjong and/or pai gow played. The 59th Street Gambling Parlor sold Marlboro Light and Double Happiness cigarettes to its patrons, in addition to providing food, bottled water and Coca-Cola beverages.

5. According to information provided by victims of the robbery, when the co-conspirators entered the 59th Street Gambling Parlor, CC-1 was carrying a knife, CC-2 was carrying a black semi-automatic pistol, and CC-3 was not carrying a weapon. After CC-2 shouted in Cantonese, in sum and substance, that the

patrons should take out their money, CC-1 and CC-3 proceeded to search the individuals who had been playing mahjong and/or pai gow while CC-2 guarded the door. While CC-1 and CC-3 searched the patrons, CC-2 pistol-whipped one of the patrons, causing him to need medical attention. According to witnesses, the co-conspirators took cash (including cash used to play mahjong and/or pai gow) and wallets from the patrons. The co-conspirators also took a cell phone from one of the patrons. After the robbery of the patrons was completed, the patrons observed CC-1, CC-2 and CC-3 exit through the front door of the gambling parlor.

6. After the robbery, the owner of the 59th Street Gambling Parlor closed the club for the remainder of the day. The owner did not reopen the gambling club because the robbery frightened her. The owner subsequently sold the 59th Street Gambling Parlor.

7. In the course of the investigation, victims of the 59th Street Gambling Parlor robbery positively identified BENNY AUYEUNG and JOSHUA C. BANNER, also known as "Joshua Benner" and "Pops," through a photographic array as CC-2 and CC-3, respectively. Additionally, call records for telephones believed to be used by AUYEUNG and BANNER show that AUYUENG and BANNER were in contact with a telephone believed to be used by CC-1 immediately prior to the robbery. During the robbery, none of the telephones were in contact with each other. Call records

also show that a telephone believed to be used by BANNER was in contact with a telephone believed to be used by CC-1 after the robbery.

8. I respectfully ask that this affidavit be filed under seal until further order of the Court. Any such disclosure might jeopardize this investigation because it would alert the defendants to the existence of the investigation and might lead to the destruction and/or concealment of evidence and/or the flight of the defendants.

WHEREFORE your deponent respectfully requests that an arrest warrant issue for the defendants BENNY AUYEUNG and JOSHUA C. BANNER, also known as "Joshua Benner" and "Pops," so that they may be dealt with according to law.

_____
Warren Y. Chiu
Special Agent, FBI

Sworn to before me this
10 day of May 2010

_____
HONORABLE ROANNE L. MANN
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK